## Kielar Nomination Certificate

*James L. Brown* and *Frank McGuigan*, for petitioner.

*Donald S. Mills*, for respondent.

VALENTINE, P. J., September 14, 1951.—Petitioner, Democratic candidate for the office of Coroner of Luzerne County at the election to be held November

6, 1951, filed objections to the substituted nomination certificate of Dr. Edward J. Kielar, under which the latter had been designated as the Republican candidate for the same office.

The certificate, substituting Dr. Kielar as a candidate, was in the form designated by section 1 of the amending Act of May 6, 1943, P. L. 196; 25 PS §2939.

The objections were filed pursuant to section 982 of the Act of June 3, 1937, P. L. 1333; 25 PS §2942, and raise the single question whether the certificate was filed within the time required by section 981 of the Act of June 3, 1937, supra, 25 PS §2941.

Under the provisions of the latter act September 12, 1951, was the last date for filing a certificate of substituted nomination. The election bureau, located in the annex of the court house, closes at 4 p.m.

The contention of petitioner is that on September 12, 1951, shortly before 4 p.m., the time for closing the office, a request was made of the clerks and employes of the election bureau to see "the substituted nomination certificates for the office of coroner." No certificates were produced for inspection, and, therefore, the certificate in question "was filed after the legal time for filing."

If the employes in charge of the election bureau failed or refused to permit an inspection of the certificates upon demand, the refusal, although improper, could not and would not invalidate a nomination certificate in proper form and duly filed. Under such circumstances no action of the employes could deprive the designated candidate of a place on the ballot.

The testimony is uncontradicted that when such request was made, shortly before 4 p.m., the clerks at the election bureau, to whom such request was made, replied that they "didn't know where they were." The testimony of the secretary of the Luzerne County

Board of Elections, in charge of the election bureau, is that the certificate was filed with him at 2:45 p.m. on that date and placed by him in the file in his office where such certificates are kept until "adjustments on the ballot are made."

The testimony shows that the file in which the certificate was allegedly placed was unlocked, and that the certificate could have been procured by any clerk in the office had such clerk known the location of the certificate.

The secretary, Mr. Williams, further testified that after ascertaining that all certificates for substituted nominations had been presented by both the Republican and Democratic Parties, and placed in his file, he left the annex at 3:40 p.m., and was not present when the request was made to see the substituted nomination certificates for the office of coroner.

The attorney who personally filed the certificate testified that it was filed with Mr. Williams at about 2:45 p.m.

We make the following finding of fact:

The certificate in question was filed with the secretary of the election bureau at 2:45 p.m., on September 12, 1951.

It follows, as a matter of law, that the certificate is valid.

Therefore, the objections are dismissed.